UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
COURT FILE NO.: 05-CV-1053

| | |
|---|---|
| Kristy Moyer,<br><br>     Plaintiff,<br>v.<br><br>Turnbrook Associates, Inc.,<br><br>     Defendant. | **PLAINTIFFS' MEMORANDUM IN SUPPORT OF AN AWARD OF ATTORNEYS' FEES AND COSTS**<br><br>**[ORAL ARGUMENT REQUESTED]** |

## I. INTRODUCTION

Plaintiffs submit this Memorandum of Law in Support of their application for an award of attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3).

## II. FACTS

Pursuant to Fed. R. Evid. 201, Plaintiff respectfully requests that the Court take judicial notice of the following facts relevant to this motion:

1. Plaintiff Kristy Moyer commenced this action by filing a Complaint on March 4, 2005.

2. The Complaint in this action alleged that the Defendants violated multiple and numerous provisions of the Fair Debt Collections Practices Act, 15 U.S.C. §1692, et seq. (hereinafter FDCPA).

3. The Summons and Complaint were duly served on Defendants as of March 15, 2005.

4. The Defendants filed an Answer to Plaintiff's Complaint with the Court on March 29, 2005, which denied that Defendants had engaged in any unlawful conduct.

5. Plaintiffs then served Defendants with discovery requests in the form of Interrogatories, Request for Admissions, Request for Production of Documents and Request for Statements.

6. This case was vigorously defended by the Defendants and vigorously litigated by the Plaintiffs in an effort to prove their claims in the face of the strong denials by these Defendants.

7. The parties participated in Arbitration with Joseph keener, Esquire, John White, III, Esquire and Linda Moy, Esquire serving as arbiters on July 20, 2005.

8. An arbitration award in the amount of $1,000.00 was entered for the Plaintiff and against Defendant Turnbrook, on July 21, 2005

9. Defendants did not appeal the arbitration award and a Civil Judgment was entered by this Honorable Court on August 25, 2005, in the amount of $1,000.00 for the Plaintiff and against Defendant Turnbrook,.

10. Attached to these motion papers, and incorporated by reference is the Affidavit of Jason M. Rapa, which details the undersigned counsel's billable time and costs on this case as well as his professional experience.

11. Attached to these motion papers, and incorporated by reference is the Affidavit of Amount, which details the total billable time and costs on this case.

### III. LEGAL ARGUMENT

**A. PLAINTIFF'S FDCPA SUIT WAS SUCCESSFUL AND THEREFORE PLAINTIFF AS THE PREVAILING PARTY IS ENTITLED TO AN AWARD OF ATTORNEY'S FEES AND COSTS UNDER THE FDCPA.**

The FDCPA expressly authorizes the recovery of attorney fees and costs to a successful consumer Plaintiff:

> . . .any debt collector who fails to comply with any provision of this subchapter . . . is liable to such person in an amount equal to the sum of - [actual damages] [statutory damages] and

> (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

15 U.S.C. §1692k(a)(3). The purpose of this fee shifting provision is to attract competent counsel. Zagorski v. Midwest Billing Services, Inc., 128 F.3d 1164, 1167 (7th Cir. 1997). In litigation under to the FDCPA, an award of attorney fees is mandatory, not discretionary Graziano v. Harrison, 950 F.2d 107, 113 (3rd Cir. 1991). Piples v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 28 (2d Cir. 1989) ("Because the FDCPA was violated, however, the statute requires the award of costs and reasonable attorney's fee. . ."); Mace v. Van Ru Credit, 109 F.3d 338, 344 N.3 (7th Cir. 1997).

An award of attorney's fees to a successful consumer under the FDCPA is designed to compensate the consumer for his role in privately enforcing the FDCPA. Tolentino v. Friedman, 46 F.3d 645, 651 (7th Cir. 1995); see also, Murphy v. Ford Motor Credit Co., 629 F.2d 556 (8th Cir. 1980) (Truth in Lending case). Congress clearly intended that the prevailing consumer would recover his or her reasonable attorney's fees and costs.

> Given the structure of the section, attorney's fees should not be construed as a special or discretionary remedy; rather, the Act **mandates** an award of attorney's fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general.

Graziano, 950 F.2d 107, 113 (3d Cir. 1991) (emphasis added). See, also DeJesus v. Banco Popular de Puerto Rico, 918 F.2d 232, 235 (1st Cir. 1990) (awarding attorney fees under the Truth in Lending Act).

Plaintiff's Complaint alleges numerous violations of the FDCPA, 15 U.S.C. §§ 1692 et seq. for which she successfully prevailed by being awarded the maximum statutory damages available under the Act and therefore Plaintiff's attorneys fees and costs should be awarded as requested.

**B.     ATTORNEY FEES AWARDS SHALL BE CALCULATED ACCORDING TO THE LODESTAR FORMULA.**

In calculating an award of attorney's fees, the Court must first begin with the "lodestar" figure, which is calculated by multiplying the hours reasonably expended times an allowed hourly rate. *See* Hensley v. Eckerhart, 103 S.Ct. 1933, 1939 (1983) (viewing an award of fees under 42 U.S.C. §1988). The burden is on the applicant to prove that the fee request is reasonable, with a strong presumption that the lodestar amount represents a fair and appropriate fee award. Hensley, 103 S.Ct. at 1941.

Although Hensley was decided in the context of a civil rights case, the lodestar analysis is applicable to all cases involving an attorney fee shifting statute. The Supreme Court has previously noted that, "We have stated in the past that fee shifting statutes' similar language is 'a strong indication' that they are to be interpreted alike." Independent Federation of Flight Attendants v. Zipes, 491 U.S. 754, 109 S.Ct. 2732, 105 L.Ed.2d 639 (1989) (quoting Northcross v. Memphis Bd. Of Education, 412 U.S. 427, 428, 93 S.Ct. 2201, 2202, 37 L.Ed.2d 48 (1973).) See also City of Burlington v. Dague, 112 S.Ct. 2638, 2641 (1992) (clean water act case applying lodestar analysis); Simpson v. Sheahan, 104 F.3d 998, (7th Cir. 1997) (civil rights case); DeJesus v. Banco Popular de Puerto Rico, 918 F.2d 232, 234 (1st Cir. 1990) (truth in lending case); Piekarski v. Home Owners Savings Bank, F.S.B., 755 F. Supp. 859, 863 (D. Minn 1991) (retaliatory discharge case).

The determination of the allowable hours rests with the sound discretion of the trial court. Hensley, 103 S.Ct. at 1941. A determination of the hourly rate by the trial court should consider a rate "commensurate which [counsel] could obtain by taking other types of cases." Tolentino, 46 F.3d 645, 652 - 653 (7th Cir. 1995).

**C.     THE HOURLY RATES FOR PLAINTIFFS' ATTORNEYS ARE REASONABLE.**

The undersigned counsel's hourly rate of $225.00 per hour is reasonable for the work performed in this case. This counsel has three years of experience in litigating hundreds of FDCPA cases for Pennsylvania consumers on both individual and class action basis.

This counsel has received extensive training and co-counsel experience with Peter F. Barry, Esquire of St. Paul, Minnesota who has litigated, settled, and resolved thousands of FDCPA cases over the past decade, in addition to acting as an Adjunct Professor of Law teaching a federal consumer rights litigation strategy class to students at William Mitchell College of Law in St. Paul, Minnesota and has trained more than 40 attorneys from 17 states in consumer law litigation and practice strategies, including this undersigned counsel. *See* website lawpoint.com. This counsel has also co-counseled with the very experienced David A. Searles, Esquire of the firm of Donovan and Searles, LLC, Philadelphia, Pennsylvania on FDCPA class action cases.

I have focused my law practice in the FDCPA area, and have established myself as a valuable advocate for otherwise underrepresented consumers in Lehigh Valley, Pennsylvania. In addition, this counsel has spoken at a national consumer rights seminar held in Washington, D.C. this past year, educating other consumer advocates on FDCPA litigation. This counsel respectfully posits that given the depth and breadth of his expertise in the area of FDCPA litigation, his hourly rate of $225.00 is eminently reasonable for this type of federal litigation.

**D.    "PROPORTIONALITY" IS NOT A PART OF THE COURT'S ANALYSIS IN DETERMINING REASONABLE FEES.**

Plaintiff anticipates that the Defendant may argue that the size of Plaintiff's Civil Judgment should be considered in determining what a "reasonable" attorney fee award is. However, the amount of attorney's fees awarded pursuant to statute is not required to be

proportionate to the amount of damages recovered.  To the contrary, a trial court may abuse its discretion if it applies an impermissible "proportionality" standard to the fee award.

The U.S. Supreme Court has previously considered the question of proportionality in attorney fee awards and rightly held:

> We reject the proposition that fee awards under section [42 U.S.C.] 1988 should necessarily be proportionate to the amount of damages a civil rights plaintiff actually recovers.

City of Riverside v. Rivera, 477 U.S. 561, 574, 106 S.Ct. 2686, 2694, 91 L.Ed.2d 466 (1986).

The Court went on to state:

> A rule of proportionality would make it difficult, if not impossible, for individuals with meritorious civil rights claims but relatively small potential damages to obtain redress from the courts. This is totally inconsistent with Congress' purpose in enacting section 1988.

Id., 477 U.S. at 578, 106 S.Ct. at 2696.

In the context of a similar Consumer Credit Protection Act statute, the Fair Credit Reporting Act, ("FCRA"), the Fourth Circuit stated:

> Proportionality of attorneys' fees to the amount recovered is not required in every action brought pursuant to the FCRA.  Since there will rarely be extensive damages in an FCRA action, requiring that attorney's fees be proportionate to the amount recovered would discourage vigorous enforcement of the Act.

Yoyay v. City of Alexandria Employees Credit Union, Inc. 827 F.2d 967, 974 (4th Cir. 1987).

Under the FDCPA, the Seventh Circuit has noted that the "cumulative effect of petty violations ..... may not be petty" and thus a case involving a small amount of damages is no justification to deny attorney fees.  Zagorski, 128 F.3d at 1167 (7th Cir. 1997) (quoting) Hyde v. Small, 123 F.3d 583, 585 (7th Cir. 1997).

An exception to the bar against proportionality arises on the recovery of nominal damages. See, e.g. Farrar v. Hobby, 506 U.S. 103 113 S.Ct. 566, 575 121 L.Ed.2d 494 (1992)

(Plaintiff demanding $17 million dollars but recovering nominal damage of $1.00 is entitled to no attorneys fees under civil rights statute); Carroll v. Wolpoff & Abramson, 53 F.3d 626, 630 (4th Cir. 1995) (FDCPA Plaintiff seeking $1,000.00 statutory damages but recovering $50.00 in statutory damages, had attorney fee request for $10,000.00 reduced to $500.00); but see Zagorski v. Midwest Billing Services, Inc., 128 F.3d 1164 (7th Cir. 1997) (trial court's denial of attorney fees, after Plaintiff's recovery of $100.00 statutory damages, constituted an abuse of discretion).

Nevertheless, an inadequate or nominal recovery is simply not an issue in the case at hand. In fact, the Civil Judgment amount in this case could not reasonably be construed as nominal damages, as it represents the maximum statute damages prescribed by statute. Therefore Plaintiff's attorneys are entitled to a full attorney fee award.

Courts have encountered many examples of fee awards disproportionate to damage awards. See City of Riverside v. Rivera, 477 U.S. 561, 106 S. Ct. 2686, 91 L.Ed.2d 466 (1986) ($245,456.25 in attorney fees, $33,350.00 in damages); Building Service Local 47, 46 F.3d 1392 (6th Cir. 1995) (ERISA case, $70,185.95 in attorney fees, $25,598.71 in damages); Northwest Women's Center v. McMonagh, 889 F.2d 466 (3rd Cir. 1989) (RICO case, over $60,000.00 in attorney fees, $2,661.00 damages); Duval v. Midwest Auto City, Inc., 578 F.2d 721, 726 (8th Cir. 1978) (Federal Odometer case, over $14,000 attorney fees, $3,000 in damages); Perez v. Perkiss, 742 F. Supp. 883 (D.Del. 1990) (FDCPA case, $10,110 in attorney fees, $1,200 damages).

In 2002, the court for the District of Minnesota found that an attorney fees and costs award of $44,655.29 was reasonable in an FDCPA case litigated by the undersigned counsel, where the Plaintiff's statutory recovery was $1,000.00. Armstrong v. Rose Law Firm, P.A. - Court File 00-2287 (MJD/SRN), 2002 WL 31050583. "The Court finds that Plaintiff's attorneys' fees and costs [of $44,655.29] are reasonably proportional. While they far exceed the [$1,000] statutory damages award in the present case, Plaintiff did not choose to create this

disparity. Defendant aggressively defended this case, as was its right. … This defense produced a large amount of litigation, and significantly increased the number of hours Plaintiff's attorney committed to this case." Id.

The issue before this Court is no different than that which the Armstrong court confronted: Defendants who vigorously fight the inevitable liability occasioned by violations of the FDCPA, must stand ready to accept the fee awards inevitably occasioned by such a defense.

E. **PLAINTIFF'S ATTORNEY HAS EXERCISED SOUND DISCRETION IN WRITING-OFF APPROPRIATE AMOUNTS OF TIME PRIOR TO HIS APPLICATION FOR FEES TO THIS COURT.**

The time and billing records included within the Affidavits of the undersigned counsel show a good use of discretion in billing appropriate amounts back to these Defendants for their work necessary for establishing Defendants' FDCPA liability to the Plaintiff.[1] A review of these records show that numerous time and billing entries have been discounted partially, or written-off entirely, by Plaintiff's attorney. The time and billing records, made part of the motion papers before this Court, show good use of productive time by Plaintiff's attorney and establish a sound basis for granting this reasonable fee request.

F. **THE COSTS INCURRED IN LITIGATING THIS MATTER WERE REASONABLE AND NECESSARY TO ENFORCE THE DEFENDANTS' LIABILITY UNDER THE FDCPA, AND REFLECT GOOD JUDGMENT ON THE PART OF PLAINTIFFS' ATTORNEYS.**

The FDCPA permits an award of the "costs of the action" in the case of a successful action to enforce liability under its provisions. 15 U.S.C. § 1692k(a)(3).

---

[1] *See* Affidavit of Jason M. Rapa – Exhibit A.

The costs in this case were reasonable and incurred necessarily in litigating this case. Travel was kept to a minimum and good judgment was used to minimize travel costs. In addition, Plaintiff's attorney did not charge unnecessary amounts for copies, postage, facsimiles, or exorbitant travel expenses.

The travel expenses and other costs incurred in successfully litigating this case were reasonable and necessary, and therefore should be fully awarded by this Court.

### G. A VIGOROUS DEFENSE LEADS TO HIGHER ATTORNEY FEES AND COSTS FOR THE PLAINTIFF.

The harder a defendant fights in a consumer action, the larger the fees ultimately become. The Fifth Circuit, in McGowan v. King, Inc., 661 F.2d 48, 51 (5th Cir. 1981), laid bare the ugly practicalities of consumer litigation when it held:

> The borrower's counsel did not inflate this small [Truth-In-Lending] case into a large one; its protraction resulted from the stalwart defense. And although defendants are not required to yield an inch or to pay a dime not due, they may by militant resistance increase the exertions required of their opponents and thus, if unsuccessful, be required to bear that cost.

*See also*, Diettrich v. Norwest Airlines, Inc., 967 F.Supp. 1132 (E.D. Wis. 1997). Given the efforts of the Defendants, a higher fee application and award is natural. After Plaintiff filed her complaint, Defendants vigorously defended the claims asserted, as was their right, even though Plaintiffs' counsels later established that the alleged FDCPA violations had occurred, after having been vehemently denied by the Defendants. As a direct and proximate result of this vigorous defense, Plaintiffs' required a higher number of hours by to adequately present and ultimately prove Plaintiffs' claims under the FDCPA.

As a natural and foreseeable consequence, Plaintiff reasonably incurred these attorney fees and costs in order to vindicate her rights under the FDCPA.

## IV.  CONCLUSION

The truth is that these Defendants vigorously defended this lawsuit right up until Arbitration award in favor of Plaintiff.  Plaintiffs were compelled to vigorously litigate this case; to follow through on its discovery requests; to conduct an arbitration hearing; and, to ultimately discredit the version of facts offered up by these Defendants.  It was only upon this solid foundation of thorough preparation, litigation, and workup that these Plaintiffs were able to prevail in this matter.  Plaintiffs' counsel now simply asks that this Court fairly and adequately compensate them for those successful efforts.

For the reasons herein, Plaintiffs respectfully request that this Court:

- **GRANT** Plaintiffs' Motion for Attorney's fees in the amount of $6,075.00 and costs in the amount of $386.87;

- **ORDER** Defendants to pay Plaintiff's counsel a total of $6,461.87, or such other amount as the Court may determine such amount to be paid no later than October 1, 2005.

- **ORDER** Defendants to pay Plaintiff the $1,000.00 Civil Judgment entered on August 25, 2005 no later than October 1, 2005.

Dated: August 31, 2005                                **LIGHTNER LAW OFFICES, P.C.**

By:___s/jr1052_____
Jason M. Rapa, Esq.
Attorney for Plaintiff
Attorney I.D. #:  89419
4654 Hamilton Boulevard
Allentown, PA 18103
Telephone:  (610) 530-9300
Facsimile: (610) – 530-9310
jrapa@lightnerlaw.com

**ATTORNEY FOR PLAINTIFF**

P:\Documents\WPO2002\WP51\CONSUMER LAW FORMS\Moyer v. Turnbrook\Memo of Law in Support of Atty Fees.doc